Jorge Antonio **GRAMAJO–ENRIQUEZ**, Petitioner,

v.

John **ASHCROFT**, Attorney General,* Respondent.

No. 02–72054.
Agency No. A72–511–406.

United States Court of Appeals, Ninth Circuit.

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* John Ashcroft, Attorney General, is the proper

Submitted Sept. 8, 2003.**

Decided Sept. 16, 2003.

Jorge Antonio Gramajo Enriquez, Los Angeles, CA, pro se.

Regional Counsel, Western Region Immigration & Naturalization, Laguna Niguel, CA, Los Angeles District Counsel, Office Of The District Counsel, Los Angeles, CA, Ronald E. LeFevre, Chief Legal Officer, Office Of The District Counsel, San Francisco, CA, Christopher C. Fuller, John D. Williams, Attorney, DOJ–U.S. Department Of Justice, Washington, DC, for Respondent.

Before PREGERSON, THOMAS, and PAEZ, Circuit Judges.

### MEMORANDUM***

Jorge Antonio Gramajo–Enriquez, a native and citizen of Guatemala, petitions pro se for review of the Board of Immigration Appeals' summary affirmance of his appeal from an Immigration Judge's (IJ) denial of his application for asylum and withholding of deportation. We have jurisdiction pursuant to 8 U.S.C. § 1105a(a). *Kalaw v. INS*, 133 F.3d 1147, 1149–50 (9th Cir. 1997). We review for substantial evidence. *Gonzalez–Hernandez v. Ashcroft*, 336 F.3d 995, 998 (9th Cir.2003). We deny the petition for review.

Gramajo–Enriquez testified that in 1990 and 1991 his school bus was stopped by guerrillas who tried to recruit the students. When he refused he was beaten.

One of his friends was taken by the guerrillas and found dead five days later. Gramajo–Enriquez moved, but he received several threatening notes at school that were given to the bus driver by the guerrillas.

Even assuming his credibility, the record does not compel the conclusion that the guerrillas were interested in Gramajo–Enriquez because of his actual or imputed political opinion, or any other prohibited ground. *See INS v. Elias–Zacarias*, 502 U.S. 478, 482, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). Accordingly, the IJ's determination that Gramjo–Enriquez is not eligible for asylum or withholding of removal is supported by substantial evidence. *See id.*

### PETITION FOR REVIEW DENIED.

** This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

